**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC R. JETER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1109-CR-429 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause Nos. 45G02-1101-FC-12, 45G02-1102-FC-15, and 45G02-1103-FC-41

**May 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Eric Jeter appeals his aggregate eight-year sentence for his convictions of two counts of Class C felony robbery, Ind. Code § 35-42-5-1 (1984), and one count of Class D felony theft, Ind. Code § 35-43-4-2 (2009). We affirm.

## ISSUE

Jeter presents one issue, which we restate as: whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On December 13, 2010, Jeter exerted unauthorized control over Carolyn Perryman's Indiana Operator's License. He and Angela Rousis went to Standard Bank and Trust on West 81st Avenue in Merrillville. Jeter gave Perryman's license to Rousis so that she could use it to withdraw money from Perryman's bank account.

On January 14, 2011, Jeter and James Vanemburg were in a green Honda Civic in the parking lot of Big Lots on Indianapolis Boulevard in Highland. Mary Drake exited Big Lots, walked to her vehicle, and placed her purchases in the trunk. As she walked to the driver's side door of her vehicle, Vanemburg pulled the Civic alongside of her vehicle. Jeter opened the passenger door of the Civic and ordered Drake not to move. He then stepped out of the Civic and grabbed Drake's purse. Drake struggled to hang on to her purse, but Jeter eventually forced it from her. Jeter got into the Civic, and Vanemburg drove them away.

On January 18, 2011, Jeter and Vanemburg were in a green Honda Civic in the parking lot of Target on Calumet Avenue in Munster. Michele Schaaf exited Target. As

2

she walked to her vehicle, Vanemburg pulled the Civic alongside of her. Jeter opened the passenger door of the Civic and began to exit the vehicle but slipped on the icy pavement and fell. Jeter got to his feet and charged at Schaaf. Schaaf, in fear, threw her purse at Jeter. Jeter took the purse and got into the Civic, and Vanemburg drove them away.

The State charged Jeter in three separate cause numbers. For the December 13, 2010 incident, the State charged Jeter with Class D felony theft and three other felonies. For the January 14, 2011 incident, the State charged Jeter with Class C felony robbery. For the January 18, 2011 incident, the State charged Jeter with Class C felony robbery. Jeter entered into a plea agreement in which he pleaded guilty to Class D felony theft and both counts of Class C felony robbery, and in exchange, the State agreed to dismiss the remaining charges. The plea agreement provided that Jeter's sentences would be served concurrently but otherwise left sentencing to the trial court's discretion. The trial court accepted the plea agreement, entered judgments of conviction, and sentenced Jeter to eight years for each robbery and three years for the theft. The sentences were ordered to be served concurrently as provided by the plea agreement, for an aggregate sentence of eight years. Jeter now appeals.

<u>DISCUSSION AND DECISION</u>

Jeter contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court

finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

We first look to the statutory ranges established for the classes of the offenses. Jeter pleaded guilty to two Class C felonies and a Class D felony. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). The statutory range for a Class D felony is between six months and three years, with the advisory sentence being one and a half years. Ind. Code § 35-50-2-7(a) (2005). Jeter was given maximum sentences of eight years for each robbery and three years for the theft. The sentences were ordered to be served concurrently, for an aggregate sentence of eight years.

We next look to the nature of the offenses and Jeter's character. As to the nature of the offenses, Jeter committed multiple crimes in a short period of time, going on, as the trial court put it, "essentially a crime spree." Appellant's App. p. 29. He exerted unauthorized control over Perryman's license and gave it to Rousis so that she could take money out of Perryman's bank account, he robbed Drake by force in a parking lot, and he

4

robbed Schaaf by putting her in fear in a different parking lot. At the sentencing hearing, Perryman testified, "I was traumatized, terrified, living in a state of fear, looking over my shoulder. I was afraid in my own home because I thought somebody might break in because with having my driver's license they knew where I lived." Tr. p. 20. Schaaf wrote a letter stating that she was "scared for [her] life" during the robbery. *Id.* at 23. She continued:

> Since this robbery has taken place, I have had many sleepless nights, where I was scared for myself as well as my family in fear that this man would come to my house or my place of employment to harm me. Not only was the actual robbery hard to deal with, but the aftermath of this event was far worse because of the constant looking over my shoulder every time I left my house, and especially every time I am in a parking lot.

*Id.* Jeter argues that his offenses are "the garden variety of offenses for robbery and theft." Appellant's Br. p. 8. This argument diminishes the serious nature of his offenses and the fact that they involved multiple victims within a short period of time.

As to Jeter's character, his juvenile record includes adjudications for criminal conversion, battery, criminal recklessness, and theft. His adult record includes misdemeanor convictions for check fraud, driving while suspended, and operating a motor vehicle without ever receiving a license as well as a felony conviction for theft. Jeter has had the benefit of having a felony reduced to a misdemeanor and the benefit of probation. He has had multiple probation violations. Jeter nonetheless points to his guilty plea as a positive reflection of his character. The trial court noted Jeter's guilty plea in its sentencing order but afforded it no mitigating weight:

> The defendant admitted his guilt by way of plea agreement, thus saving the Court and tax payers of this county the time and expense of trial. However,

5

> the Court finds that no weight[ ] should be accorded this mitigator because the defendant has received a significant benefit from the plea agreement and the evidence in all three cases strongly favored conviction had the cases gone to trial.

Appellant's App. p. 29. For the same reasons, we conclude that Jeter's guilty plea does not make his sentence inappropriate. Jeter also states that he is remorseful and had a rocky childhood. These arguments are not convincing given his criminal history and inability to conform his behavior despite being afforded leniency in the past.

Jeter has failed to persuade us that his sentence is inappropriate in light of the nature of his offenses and his character.

CONCLUSION

For the reasons stated, we affirm Jeter's sentence.

ROBB, C.J., and BAKER, J., concur.